955 F.2d 44
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brian K. CARNEY, a natural individual, Plaintiff-Appellant,
v.
Jack JELSEMA; Gary Ebels; Lavonne Johnson; Mark Doornbos;
B.J. Harris, Jr., Defendants-Appellees.
 No. 91-2106.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Brian K. Carney, a pro se Michigan resident, appeals the district court's judgment dismissing his civil action under Fed.R.Civ.P. 12(b)(6). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Carney claimed that the defendants, a state court judge, a clerk of court, and police officers for Wyoming, Michigan, deprived him of his constitutional rights under the First, Fourth, and Seventh Amendments, his civil rights under 42 U.S.C. §§ 1983 and 1985, and his "common law rights" under Article 2 of the Northwest Ordinance of 1787 and under the Uniform Commercial Code.
 
 
 3
 The district court granted the defendants' motions to dismiss for failure to state a claim. On appeal, Carney contends that the district court did not fully consider his complaint. He also moves for injunctive relief and oral argument.
 
 
 4
 Although Carney's complaint, at first blush, does appear fanciful and unintelligible, when liberally construed and considered with the attachments to the complaint, we conclude that Carney has satisfied the minimal pleading requirements to state a cause of action against the defendants under 42 U.S.C. § 1983. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Conley v. Gibson, 355 U.S. 41, 45-46 (1956).
 
 
 5
 Carney alleges that police officers (Ebels, Harris, and Doornbos) brutally assaulted him during an arrest, that they brought him before Judge Jelsema who allegedly conceded that he authorized their illegal action, and that the clerk of court (Johnson) sent him blackmail letters regarding this matter in violation of his constitutional rights.
 
 
 6
 Such allegations facially state a claim for unlawful assault and abduction that is cognizable under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); McDowell v. Rogers, 863 F.2d 1302, 1307 (6th Cir.1988).
 
 
 7
 Accordingly, without commenting on the ultimate merits of the claims, we hereby vacate and remand the district court's judgment dismissing plaintiff's Fourth Amendment claim cognizable under 42 U.S.C. § 1983, and affirm the judgment dismissing all other claims. Rule 9(b)(3), Rules of the Sixth Circuit.